The opinion of the Court was delivered by
Dunkin, Ch. J.
The pleadings admit that “ at the time of the purchase of the house and lot, the defendant agreed, *25 and it was so understood between the parties, that be would procure the mortgages to be satisfied, so that the title to the said house and lot should be without any defect, flaw, or incumbrance, and, on this agreement, the intestate, relying on the good faith of the defendant, paid him the whole of the purchase money, and took title for the property.” Whatever other covenants or obligations he may have entered into, it is not permitted to him to deny this agreement. He is precluded by the demurrer. Then as to the authority of this Court to enforce the agreement, (at sec. 850, Eq. Jut.) Mr. Justice Story says: “Courts of Equity will decree the specific performance of a general covenant to indemnify, although it sounds in damages only, upon the same principle that they will entertain a bill Quia timet; and this not only at the instance of the original covenantee, but of his executors and administrators.” The general principle is stated (§ 730,) that the Court will interpose in many cases to decree a specific performance of express, and even of implied contracts, where no actual injury has as yet been sustained, but it is only apprehended from the peculiar relation between the parties.
The fifth and last ground objects that the bill is multifarious, as the purposes sought are different as against the several defendants. The proceedings are instituted for the partition and settlement of the intestate’s estate, in which the administrator and heirs are properly parties. The personal assets having been exhausted, it is sought to subject the real estate to the payment of debts, etc., a course sanctioned by the practice and decisions of this Court. The incumbrances, which the defendant agreed to have removed, are a cloud upon the title. Assuming that the administrator, or the heirs, are entitled to implead the defendant in a separate suit, no clear title could bé offered until the termination of those proceedings, thus producing unnecessary delay. It is a favorite object of this Court to prevent mul *26 tiplicity of suits and variety of litigation. Furthermore, “ if the nature of the transactions,” (says an approved author, Adams’ Eq. 310,) “ makes a single suit convenient, the objection of multifariousness in such cases will not be sustained.” In Oliver vs. Platt, (3 How. U. S. 333, 411,) the Court say, “ Where the interests of different parties are so complicated in different transactions, that entire justice could not be conveniently done without uniting the whole, the-bill is not multifarious.” And again, “there is no general rule by which to determine whether a bill, in such cases, is multifarious or not; but it must be left to the discretion of the Court, under the circumstances of the case.” See also, Williams vs. Neel, (10 Rich. Eq. 338.)
It is ordered and decreed that the appeal be dismissed.
Wardlaw and Inglis, A. JJ., concurred.

Appeal dismissed.